IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FARRUGIA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY, and DOES 1–50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 07-00212 WHA<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT, DENYING MOTION TO REMAND TO STATE COURT, AND CONTINUING CASE MANAGEMENT CONFERENCE** |

**INTRODUCTION**

In this insurance-contract action, plaintiff Charles Farrugia seeks to amend his complaint and remand the case to state court. For the below-stated reasons, plaintiff's motion for leave to amend and remand to state court is **DENIED**.

**STATEMENT**

In this action, plaintiff contends that in 2001 and 2006 he was injured in two accidents involving uninsured drivers. Plaintiff alleges that after each accident he submitted claims to defendant Allstate Insurance Co. On the first claim, plaintiff contends that Allstate falsely told plaintiff that uninsured benefits were not available to him because he did not obtain the vehicle license number of the uninsured driver. On the second claim, plaintiff contends that Allstate wrongfully told him that his policy did not include uninsured motorist coverage. The complaint

included claims based on breach of contract, breach of the implied covenant of good faith and fair dealing, and misrepresentation (Compl. ¶¶ 5–8).

This action was originally filed in San Francisco Superior Court on November 27, 2006. Defendant Allstate removed the case to federal court on January 11, 2007. In the notice of removal, defendant's sole asserted basis for jurisdiction was the parties' diversity of citizenship. Plaintiff is a resident of California and defendant is incorporated in and has its principal place of business in Illinois.

Plaintiff now seeks leave to amend his complaint to name as a defendant Steve Mahoney, an Allstate agent. The proposed amended complaint alleges that an individual from Mahoney's office was the person who made the misrepresentations to plaintiff. The proposed pleading also alleges that Mahoney does business in the City and County of San Francisco. Based on the proposed addition of Mahoney, plaintiff also seeks to remand the action to state court.

**ANALYSIS**

With respect to non-indispensable parties, the Ninth Circuit has stated: "Once removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party. 28 U.S.C. § 1447(e) provides that '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)). "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe*, 157 F.3d at 691. Factors that a district court may consider in the exercise of its discretion include: the statute of limitations, the timeliness of the motion to amend, whether the plaintiff seeks to join a party solely to destroy diversity, the apparent validity of the claim, and the prejudice to the plaintiff. *See*

1  William W Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial
2  2:1078 (2005) (citing cases).*

3  According to defendant, there are three reasons that counsel against granting plaintiff
4  leave to amend and remanding to state court. *First*, defendant contends that plaintiff cannot
5  state a valid claim for relief against Mahoney. *Second*, defendant alleges that without joining
6  Mahoney, plaintiff will be able to obtain complete relief from defendant. *Third*, defendant
7  contends that plaintiff seeks to join Mahoney only for the purpose of destroying diversity
8  jurisdiction.

9  With the exception of defendant's first reason — that plaintiff cannot state a claim for
10 relief against Mahoney — the factors tilt toward denying the addition of Mahoney. Plaintiff's
11 reply brief does not respond to the contention that plaintiff seeks to add Mahoney only to
12 destroy diversity jurisdiction. It has been noted that such fraudulent joinder may be a
13 "dispositive factor" that the Court may consider "in deciding whether a plaintiff may join a
14 nondiverse defendant." *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *Desert Empire*
15 *Bank v. Ins. Co. of No. Am.*, 623 F.2d 1371, 1376–77 (9th Cir. 1980) ("[W]e conclude that a
16 trial court should look with particular care at such motive in removal cases, when the presence
17 of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the
18 state court. In such cases, a plaintiff may well be inclined to add a new defendant only to have
19 his action remanded to the state forum, the one that he had originally chosen as best suited to
20 his purposes.") (citation omitted). Nor does plaintiff contend that joinder of Mahoney is
21 necessary to obtain a full recovery. Plaintiff's request for money damages "could be fully
22 satisfied by [defendant Allstate]." *Newcombe*, 157 F.3d at 691. Indeed, the proposed amended
23 complaint does not include Mahoney in the prayer for relief. Moreover, plaintiff does not
24 explain why he waited until January 2007 — two months after the action was initially filed in

---

* Generally, if the plaintiff seeks to add a necessary, nondiverse defendant, remand is appropriate. *See Yniques v. Cabral,* 985 F.2d 1031, 1035 (9th Cir. 1993). Here, plaintiff does not contend that Mahoney is a necessary defendant.

3

state court — to add Mahoney has a defendant. For these reasons, plaintiff's motion for leave to amend must be denied.

Notwithstanding this ruling, it is worth discussing whether plaintiff could maintain a claim against Mahoney. Both parties spend a significant portion of their briefs discussing this issue. This order holds that plaintiff could state a claim against Mahoney under California law. Nothing in this order prevents plaintiff from pursuing such a claim against Mahoney in state court.

Defendant contends that plaintiff cannot state claims against Mahoney for misrepresentation, breach of contract, or bad faith. As defendants point out, California courts have recognized the general principle that an agent or employee of an insurance company is not liable to an insured while acting in the scope of the agency or employment. *See Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966). Defendants contend that this principle alone demonstrates the futility of adding Mahoney, an individual Allstate agent, as a defendant.

The principle recognized in *Lippert* in 1966 was only a general one. Since *Lippert*, California courts have recognized three exceptions to the general rule. An agent may assume a greater duty — and incur personal liability — towards the insured by: (1) entering into "an express agreement to ensure adequate coverage"; (2) "a holding out by the agent to assume a greater duty toward an insured"; and (3) "misrepresenting the policy's terms or extent of coverage." *Paper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1097 (1996); *see also Clement v. Smith*, 16 Cal. App. 4th 39, 45 (1993) ("Absent some notice or warning, an insured should be able to rely on an agent's representations of coverage without independently verifying the accuracy of those representations by examining the relevant policy provisions."). This has been referred to as a "special duty" exception to the general rule. As plaintiff points out, numerous judges within this district, including the undersigned, have recognized that California does not have a *per se* bar against finding individual insurance agents liable. *See*, *e.g.*, *Kaighn v. Nat'l Life of Vt.*, No. C 02-24984 CRB, 2003 U.S. Dist. LEXIS 959, at *3–*4 (N.D. Cal. 2003) (remanding action to state court and holding that "the *Lippert* rule does not preclude suit against

4

1  an insurance agent who misrepresents the nature or scope of coverage or holds himself out as
2  having special expertise in the type of insurance sought by the insured"); *Sun v. Equitable Life*
3  *Assurance Soc'y*, No. C 01-01553 WHA, 2001 WL 764486, at *2–*3 (N.D. Cal. 2001)
4  (recognizing that "an agent may assume a greater duty and be held personally liable for merely
5  negligently misrepresenting the scope of coverage under a policy").  The above-cited caselaw
6  also disproves defendants' contention that the *only* exception to the *Lippert* rule is where an
7  agent acts as a "dual agent" on behalf of both the insurer and the insured.  *See Quiroz v. Valley*
8  *Forge Ins. Co.*, No. C 05-2025 SBA, 2005 WL 1806366, at *5 (N.D.Cal. July 28, 2005) (citing
9  *Macey v. Allstate Property and Casualty Ins. Co.*, 220 F. Supp. 2d 1116, 1120 (N.D. Cal.
10 2002)) ("California courts have recognized two separate 'lines of exception' to the general
11 *Lippert* rule:  (1) the dual agency exception, and (2) the 'special duty' exception.").

12         In the proposed amended complaint here, plaintiff alleges that Mahoney's office "falsely
13 told Plaintiff that uninsured motorist benefits were not available to him" and "wrongfully told
14 Plaintiff that his policy did not include uninsured motorist coverage."  Plaintiff contends that he
15 relied on the misrepresentations and was induced not to pursue his uninsured motorist benefits
16 (Prop. Am. Compl. ¶¶ 7, 20–21).  This is sufficient to demonstrate that Mahoney
17 "misrepresented the terms of the policy to the insured."  *Paper Savers, Inc.*, 51 Cal. App. 4th at
18 1098.  Plaintiff thus appears to have a plausible theory of liability against Mahoney for
19 misrepresentation of the policy's terms.  The proposed amendment is therefore not futile.  *See*
20 *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is
21 futile only if no set of facts can be proved under the amendment to the pleadings that would
22 constitute a valid and sufficient claim or defense.") (internal citations omitted).

23         The decisions on which defendant relies are unpersuasive.  Those decisions are federal
24 court decisions that relied on *Lippert* — but without discussion of any of the subsequent
25 authority that held individual agents liable to insured plaintiffs.  *See Sun*, 2001 WL 764486, at
26 *4 (distinguishing decisions that had "correctly quote[d] *Lippert*" but noting that in those cases
27 "the plaintiff's complaint clearly alleged that the defendant insurance agent was an employee of
28

5

the insurance company and acted within the scope of his employment"). For example, in *Duffy v. Allstate Insurance Co.*, Case No. SA CV 97-231-GLT(ANX), 1997 U.S. Dist. Lexis 18023, at *1 (C.D. Cal. Feb. 17, 2007), the district court relied on *Lippert* and denied a motion for leave to amend where the plaintiffs admitted that the "'entire controversy' [arose] from acts within the scope of [the individual agent's] agency." In *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003), the Ninth Circuit only briefly discussed the general rule and the "dual agent" exception but not the "special duty" exception. Other decisions cited by defendants can also be distinguished for their failure to discuss the "special duty" exception to the general rule. *See Icasiano v. Allstate Ins. CO.*, 103 F .Supp. 2d 1187, 1190 (N.D. Cal. 2002); *Moreno v. Allstate Ins. Co.*, No. CIV-S02-1426 DFL JFM, 2002 WL 31133203, at *2 (C.D. Cal. Sept. 10, 2002). This order relies on the well-settled principle that a plaintiff can, for pleading purposes, maintain a claim against an individual insurance agent so long as the plaintiff alleges that the agent acted under one of the three exceptions recognized in *Paper Savers*. *See Smith v. New England Mut. Life Ins. Co.*, No. C 98-3083 SI, 1998 WL 775124, at *2 (N.D. Cal. Nov. 2, 1998) ("Because *Lippert* is silent regarding liability for an agent's fraudulent actions and the instant case includes allegations of intentional misrepresentation, *Lippert* may not be authority for determining agent non-liability with respect to fraud claims.").

## CONCLUSION

This order holds that plaintiff could state a claim against Mahoney. It is conceivable — if not likely — that if Mahoney had been named as a defendant in the original state action, the Court would remand the instant action. But plaintiff's request to amend after a proper removal gives this Court the discretion to allow such amendment. Accordingly, for the above-stated reasons, plaintiff's motion for leave to amend is **DENIED**. Because diversity of citizenship exists between plaintiff and defendant, the motion for remand is also **DENIED**.

At oral argument, plaintiff's counsel requested a one-week continuance of the case management conference. That request is **GRANTED**. The initial case management conference

will be held on **APRIL 26, 2007,** at **11:00 A.M.**  The joint case management statement is due by **APRIL 19, 2007**.

**IT IS SO ORDERED.**

Dated:  March 8, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE